UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| MARY BROCKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 3-22-CV-05043 |
| ) | |
| JOSEPH L. REED and ) | |
| PASCHALL TRUCK LINES, INC., ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

### DEFENDANT PASCHALL TRUCK LINES, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C § 1441, et seq., Defendant Paschall Truck Lines, Inc., files its Notice of Removal of this lawsuit originally filed in the Missouri Circuit Court for Jasper County, and in support of this Notice states:

1. This is a civil action over which this Court has original subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 *et seq*.

2. Plaintiff's Petition asserts allegations of negligence that arise out of a motor vehicle accident that occurred on December 17, 2016 in Jasper County, Missouri. (Ex. A, Plaintiff's Petition).

3. "Diversity jurisdiction requires complete diversity of citizenship, meaning 'no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Hammond v. Patterson Auto Sales, Inc.*, 2014 WL 6463351 at *2 (E.D. Mo. Nov. 17, 2014). "To establish complete diversity of citizenship, a complaint (or notice of removal) must include factual allegations of each party's state of citizenship." *Id.* "Whenever federal jurisdiction in a removal

1

case depends on complete diversity, diversity is determined from the fact of citizenship of the named parties and not from the fact of service." *Hrastich v. Advance Auto Parts, Inc.*, No. 4:14-CV-22-JAR, 2014 WL 3341121 at *1 (E.D. Mo. July 8, 2014).

4. Plaintiff Mary Brockman pleads she is a resident and citizen of the State of Missouri. (*See* Ex. A, ¶1). Matters alleged in the complaint are binding admissions. *Worley v. Celebrate Children Int'l, Inc.*, No. 1:16-CV-96, 2016 WL 6777899, at *2 (E.D. Mo. Nov. 16, 2016) (citing *Missouri Housing Develp. Com'n v. Brice*, 919 F.2d 1306, 1315 (8th Cir. 1990).

5. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase principal place of business refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 78, 95-96 (2010).

6. Plaintiff has correctly plead that Defendant Paschall Truck Lines, Inc. is a Kentucky corporation with its principal place of business in the State of Kentucky. (Ex. A., ¶ 3). Defendant Paschall Truck Lines, Inc. was incorporated in Kentucky in 1962. (Ex. B, Declaration of Paschall Truck Lines). Defendant Paschall Truck Lines, Inc.'s corporate headquarters and principal place of business are in Murray, Kentucky, which is where almost all of the company's executive, administrative, legal, payroll, accounting, marketing, information technology and other related functions and activities occur at its headquarters. *Id.* Because Paschall Truck Lines, Inc. is incorporated in the State of Kentucky and its principal place of business is in the State of Kentucky, Paschall Truck Lines, Inc. is a citizen of the State of Kentucky.

7. Plaintiff alleges Co-Defendant Joseph Reed is a resident of Indiana. (*See* Ex. A, ¶2).

8. "Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely." *Altimore v. Mount Mercy Coll.*¸ 420 F.3d 763, 768 (8th Cir. 2005). "The district court's determination of citizenship for the purpose of diversity is a mixed question of law and fact, but mainly fact." *Id.* (internal quotations omitted). In determining an individual's intent, courts consider factors such as current residence, place of employment, driver's license, voter registration, location of bank account, location of personal and real property, and payment of taxes. *Id.*

9. Upon information and belief, Co-Defendant Joseph Reed advised the Missouri State Highway Patrol that his home address is in Madison, Indiana on December 17, 2016. (Ex. C, Crash Report, p. 4). Co-Defendant Joseph Reed's Indiana Driver's Record reflects that he possesses an Indiana Commercial Driver License expiring in March 22, 2025 and received an Indiana Medical Examiner's Certificate in May of 2022. (Ex. D, Indiana Driver's Record). Therefore, Co-Defendant Joseph Reed is a resident and citizen of the State of Indiana.

10. Plaintiff is a citizen of a state that is different than all Defendants and no defendant is a citizen of the forum state. (*See* Exs. A, B, C, D). Therefore, this is an action between citizens of different states and jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. See also, *Lincoln Property Co. v. Roche*, 546 U.S. 81, 82 (2005) (holding that defendant may remove an action on the basis of diversity if there is complete diversity between all named parties and no defendant is a citizen of the forum state).

11. Federal Courts "shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

12. Typically, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). "However, where the plaintiff does not demand a specific sum, the federal court may retain jurisdiction if defendant proves by the preponderance of the evidence, that the amount in controversy exceeds $75,000." *Pleasant v. Noble Finance Corp.*, 54 F. Supp. 3d 1071, 1076 (W.D. Mo. 2014). Plaintiff's Petition seeks damages in an unspecified amount. (Ex. A).

13. Under 28 U.S.C. § 1446(b), "notice of removal…shall be filed within thirty days after receipt by the defendant….of a copy of the initial pleading." 28 U.S.C. § 1446(b). Furthermore, under 28 U.S.C. § 1446(b):

> If the case stated by the initial pleading is not removable, notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by 1332 of this title more than one year after commencement of the action.

28 U.S.C. § 1446(b).

14. Since Plaintiff's initial pleading in state court did not establish whether the amount in controversy was over $75,000, Defendant Paschall Truck Lines, Inc. served its First Requests for Admissions to Plaintiff on April 18, 2022. (*See* Ex. E, Certificate of Service of Paschall Truck Lines, Inc.'s First Requests for Admissions). Plaintiff served her responses on May 18, 2022. (*See* Ex. F, Certificate of Service of Plaintiff's Responses to Defendant Paschall Truck Lines, Inc.'s First Requests for Admissions). Plaintiff admitted that her damages, and the amount in controversy, exceeds $75,000. (*See* Ex. G, Plaintiff's Responses to Defendant Paschall Truck Lines, Inc.'s First Requests for Admissions, #1 – 2).

15. The amount in controversy also exceeds $75,000.00 because Plaintiff, through her attorney, made a settlement demand on or about May 20, 2022. (Ex. H, May 20, 2022 Excerpt

from Redacted Demand Letter from Gerald F. McGonagle). While a settlement demand is not dispositive of the amount in controversy, a settlement demand is relevant to determining the amount in controversy. *Gramc v. Miller Elevator Co./Schindler Enters.*, 3 F. Supp.2d 1082, 1084 (E.D. Mo. 1998).

16. This civil action is between citizens of the States of Missouri, Kentucky, and Indiana. Further the amount in controversy exceeds $75,000.00. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

17. Plaintiff served her responses admitting the amount in controversy exceeds $75,000 on May 18, 2022. Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C), this Notice of Removal is timely filed within 30 days after Defendant Paschall Truck Lines, Inc. received plaintiff's responses and ascertained the amount in controversy exceeded $75,000.

18. No return of service has been filed for Co-Defendant Joseph Reed; therefore, on information and belief, Co-Defendant Joseph Reed has not been served with process in this matter.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1441 and Local Rule 3.2(a)(3)(B) because this action was originally filed in Jasper County, Missouri, which is included in this Court's judicial area.

20. Attached as Exhibit I is a true and correct copy of all process, papers, exhibits, pleadings and orders filed with the state court in this action.

21. Attached as Exhibit J is the Western District Court of Missouri Cover Sheet.

WHEREFORE, Defendant Paschall Truck Lines, Inc. prays that the above-captioned matter be removed from the Missouri Circuit Court of Jasper County.

/s/ Joseph R. Swift
Joseph R. Swift #37241
BAKER STERCHI COWDEN & RICE, LLC
100 North Broadway, 21st Floor
St. Louis, MO 63102
314-345-5000
314-345-5055 (fax)
jswift@bscr-law.com
*Attorneys for Defendant Paschall Truck Lines, Inc.*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of June, 2022 the foregoing was filed electronically with the Clerk of the United States District Court for the Western District of Missouri by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Gerald F. McGonagle
McGonagle Spencer Gahagan, P.C.
4505 Madison Ave., Suite 230
Kansas City, MO 64111
gmcgonagle@mcgonaglespencer.com
*Attorney for Plaintiff*

/s/ Joseph R. Swift