IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI

| | |
|---|---|
| **MARY BROCKMAN**, <br> 2024 N Colombia Ave, <br> Springfield, MO 65803 <br><br> Plaintiff, <br><br> v. <br><br> **JOSEPH L. REED** <br> Serve Residence: <br> 1102 N US 421 <br> Madison, IN 47205 <br><br> and, <br><br> **PASCHALL TRUCK LINES, INC.** <br> Serve Registered Agent: <br> David A. Gibbs <br> 3443 Highway 641 South <br> Murray, KY 42071 <br><br> Defendants. | Case No.: <br><br> Division No.: |

### PETITION FOR DAMAGES

COMES NOW, Plaintiff Mary Brockman (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, McGonagle Spencer Gahagan, P.C., and for her cause of action against Defendant Joseph Reed and Defendant Paschall Truck Lines, Inc., (hereafter referred to as "Defendants") states and alleges as follows:

### PARTIES

1. Plaintiff, Mary Brockman (hereinafter referred to as "Plaintiff") is an individual, over the age of eighteen, and a citizen and resident of Springfield, Greene County, Missouri.

2. Defendant Joseph Reed (herein after referred to as "Defendant") is an individual, over the age of eighteen, and a resident of Indiana, who, upon information and belief, was the driver of the vehicle that struck Plaintiff's vehicle.

**EXHIBIT A**

3. Defendant Paschall Truck Lines, Inc. is a Kentucky corporation, with its principal place of business at PO Box 1080, Murray, Kentucky 42071.

## JURISDICTION AND VENUE

4. This case involves personal injuries, which occurred in a motor vehicle collision on December 17, 2016 in Jasper County, Missouri.

5. This Court has subject matter jurisdiction over this matter pursuant to §478.070 R.S.Mo. and because Plaintiff's claims arise under Missouri common law.

6. Venue is proper pursuant to Section 508.010.4, R.S.Mo., in that the allegations giving rise to Plaintiff's claims occurred in Jasper County, Missouri.

## FACTS COMMON TO ALL COUNTS

7. At all times relevant herein, Defendant Joseph Reed was acting within the course and scope of his employment for Defendant Paschall Truck Lines, Inc. and Defendant Paschall Truck Lines, Inc. is therefore vicariously liable for Defendant Joseph Reed's negligence.

8. On December 17, 2016, Plaintiff Mary Brockman as an unrestrained passenger, was traveling in the left lane of westbound I-44 in Jasper County, Missouri, when the vehicle she was in lost control and skidded into the right lane, then came to a complete stop on the right shoulder of the highway.

9. Defendant, Joseph Reed, driver of a 2014 International Harvester, was traveling in the right lane of westbound I-44 when he witnessed Plaintiff's vehicle swerve into the right lane and then come to a stop on the right shoulder, which then caused the right front tire of his trailer to strike Plaintiff's bumper, and slamming Plaintiff's vehicle into a guardrail.

10. As a direct and proximate result of the carelessness and negligence of the Defendant, Plaintiff sustained severe, painful, and disabling injuries requiring significant medical treatment.

Plaintiff has suffered the above injuries, pain and damages since the date of the incident, suffers from them at the present time, and will suffer from them in the future.

11. Plaintiff has incurred expenses in connection to these injuries and will continue to incur expenses in connection therewith in the future – the exact amount of which is unknown to her at this time.

12. As a further direct and proximate result, Plaintiff received extensive medical care and treatment and has suffered pain, anxiety of the body and mind and emotional distress.

13. Plaintiff has sustained pain and suffering as a direct and proximate result of the negligence, faults, and omissions of Defendant.

## COUNT I: NEGLIGENCE AGAINST ALL DEFENDANTS

14. Plaintiff incorporates all foregoing paragraphs of this Petition for Damages, as though fully set forth herein.

15. Defendant had a duty to exercise the highest degree of care in Defendant's operation of the subject vehicle.

16. At all relevant times, Defendant had a duty to possess and use the highest degree of care that a very careful and prudent person would use under the same or similar circumstances while operating a motor vehicle, and Defendant had to follow the "rules of the road."

17. Defendant Joseph Reed, operating in the course and scope of his employment for Defendant Paschall Truck Lines, Inc., breached his duty and operated a vehicle with careless disregard and was negligent in the following respects:

    a. In negligently and carelessly failing to keep a careful lookout;

    b. In negligently and carelessly failing to yield to traffic on all sides of him;

    c. In negligently and carelessly traveling too fast for conditions;

    d. In negligently and carelessly failing to use his horn;

  e.  In negligently and carelessly following too close;

  f.  In negligently and carelessly failing to avoid striking another vehicle;

  g.  In negligently and carelessly driving in a careless and imprudent manner;

  h.  In negligently and carelessly failing to use the highest degree of care; and

  i.  In otherwise driving in a negligent manner.

18. As a direct and proximate result of the carelessness and negligence of the Defendant Joseph Reed, and the vicarious liability of Defendant Paschall Truck Lines, Inc., Plaintiff sustained severe, painful and disabling injuries requiring significant chiropractic medical treatment. Plaintiff has suffered the above injuries, pain, and damages since the date of the incident, suffers them at the present time, and will suffer them in the future.

19. Plaintiff has incurred expenses in connection to these injuries and will continue to incur expenses in connection therewith in the future – the exact amount of which is unknown to her at this time.

20. As a further direct and proximate result, Plaintiff received extensive medical care and treatment and have suffered pain, anxiety of the body and mind and emotional distress. Plaintiff has in the past and will in the future incur substantial expense for doctors, physicians, hospitals, and other medical care and treatment.

21. Plaintiff sustained a loss of ability to enjoy life, lost opportunities and loss of enjoyment of life. Plaintiff has sustained pain and suffering as a direct and proximate result of the negligence, faults and omissions of Defendant Reed, and the vicarious liability of Defendant Paschall Truck Lines, Inc.

22. As a result of these injuries, Plaintiff paid or became obligated, or will in the future pay or become obligated for, expenses for receiving medical care and treatment.

WHEREFORE, Plaintiff respectfully requests judgment in Count I of her Petition for Damages for such damages as are fair and reasonable, for prejudgment interest, for costs incurred herein and for such further relief as this Court deems just and proper.

## COUNT II: NEGLIGENCE PER SE AGAINST ALL DEFENDANTS

23. Plaintiff incorporates by reference each and every statement, allegation and averment contained in the paragraphs above as if fully set forth herein.

24. The subject collision and Plaintiff's injuries and damages described herein are the direct and proximate result of Defendant's violations of one or more of the following statutes in one or more of the following particulars:

   a. Defendant failed to operate the subject vehicle in a careful and prudent manner and failed to exercise the highest degree of care, in violation of Mo.Rev.Stat § 304.012, in that Defendant's vehicle collided with another vehicle;

   b. Defendant failed to operate the subject vehicle in a careful and prudent manner, and failed to exercise the highest degree of care in violation of R.S.Mo. § 304.012 in that Defendant failed to keep a careful look out of his surroundings; and,

   c. Defendant failed to operate the subject vehicle in a careful and prudent manner, and failed to exercise the highest degree of care in violation of R.S.Mo. § 304.012 in that Defendant failed to drive at a rate of speed so as not to endanger the property of another or life or limb of any person.

25. The above statutes are intended to protect Missouri motorists, passengers, and pedestrians from the dangerous operation of motor vehicles, including Plaintiff.

26. At the time Defendant violated one or more of the above-mentioned statutes in one or more particulars, Plaintiff Mary Brockman, was a driver of a motor vehicle on a Missouri road, and thus belonged to the class of persons that the above statutes are intended to protect; and that the

conduct of Defendant directly caused or contributed to cause Plaintiff to suffer severe, permanent and progressive injuries described herein and extreme mental pain and suffering.

27. As a direct and proximate result of the carelessness and negligence of the Defendant, Plaintiff sustained severe, painful and disabling injuries requiring significant medical treatment. Plaintiff has suffered the above injuries, pain, and damages since the date of the incident, suffers them at the present time, and will suffer them in the future.

28. Plaintiff has incurred expenses in connection to these injuries and will continue to incur expenses in connection therewith in the future – the exact amount of which is unknown to her at this time.

29. As a further direct and proximate result of the carelessness and negligence of the Defendant, Plaintiff sustained severe, painful and disabling injuries requiring significant medical treatment. Plaintiff has suffered the above injuries, pain, and damages since the date of the incident, suffers them at the present time, and will suffer them in the future.

30. Plaintiff sustained a loss of ability to enjoy life, lost opportunities and loss of enjoyment of life. Plaintiff has sustained pain and suffering as a result of the negligence, faults and omissions of Defendant.

31. As a result of these injuries, Plaintiff paid or became obligated, or will in the future pay or become obligated for, expenses for receiving medical care and treatment.

**WHEREFORE**, Plaintiff respectfully requests judgment in Count II of her Petition for Damages for such damages as are fair and reasonable, for prejudgment interest, for costs incurred herein and for such further relief as this Court deems just and proper.

### COUNT III: NEGLIGENT HIRING AND SUPERVISION AGAINST DEFENDANT PASCHALL TRUCK LINES, INC.

32. Plaintiff incorporates by reference each and every statement, allegation and averment contained in the paragraphs above as if fully set forth herein.

33. Defendant Paschall Truck Lines, Inc. hired and supervised Defendant Joseph Reed, and authorized Joseph Reed to operate a truck at the time of the collision.

34. Defendant Paschall Truck Lines, Inc. was negligent in its hiring Joseph Reed in a position to drive a company truck for Paschall Truck Lines, Inc.

35. Defendant Paschall Truck Lines, Inc. was negligent in supervising Joseph Reed at the time of, and prior to, the collision.

36. As a direct and proximate result of the negligence of Defendant Paschall Truck Lines, Inc., Plaintiff Mary Brockman was injured and/or incurred damages.

**WHEREFORE**, Plaintiff respectfully requests judgment in Count III of her Petition for Damages for such damages as are fair and reasonable, for prejudgment interest, for costs incurred herein and for such further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts in this matter.

Dated:  December 9, 2021

Respectfully submitted,

McGONAGLE SPENCER GAHAGAN, P.C.

*/s/ Gerald F. McGonagle*
Gerald F. McGonagle        MBN 39480
4505 Madison Ave., Suite 230
Kansas City, Missouri 64111
Telephone:  (816) 221-2222
Facsimile:   (816) 221-2245
Emails:    gmcgonagle@mcgonaglespencer.com

**Attorney for Plaintiff**